UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Bert Ernest Daby,

            Petitioner,

  vs.                           REPORT AND RECOMMENDATION

Dean Mooney, Director
of the Minnesota Sex
Offender Program

            Respondent.       Civ. No. 05-1010 (MJD/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see, Title 28 U.S.C. §2254, which alleges that the Petitioner is being illegally detained, by the Respondent, for reasons which violate his rights under the Constitution, laws, or Treaties of the United States. The Petitioner has appeared pro se, and the Respondent has appeared by John L. Kirwin, Assistant Hennepin County Attorney. For reasons which follow, we recommend that the Petition be denied as untimely.

II.  Factual and Procedural Background

The Petitioner is currently confined for treatment, and for public protection, at the Minnesota Sex Offender Program, in Moose Lake, Minnesota, pursuant to a civil commitment. The Petitioner was civilly committed, as a Sexual Psychopathic Personality ("SPP"), and as a Sexually Dangerous Person ("SDP"), in accordance with Minnesota Statutes Section 253B.02, Subdivisions. 18a, and 18b (1996),[1] on June 20, 1997.  See, Respondent's Appendix ("RA"), at 5-21.  He appealed the initial civil commitment, but the commitment was affirmed by the Minnesota Court of Appeals. See, In re Daby, No. C4-98-246, 1998 WL 422232 (Minn.App. July 28, 1998), rev. denied (Minn., Sept. 22, 1998).  On September 19, 1997, the Trial Court ordered that the Plaintiff be indeterminately committed,[2] and that decision was affirmed by the Minnesota Court of Appeals.  See, In re Daby, No. C4-98-246, 1998 WL 422232

---

[1] The relevant statutes have subsequently been renumbered, respectively, as Minnesota Statutes Section 253B.02, Subdivisions 18b, and 18c (2004).

[2] Under Minnesota's Sexual Psychopathic Personality Statute, after the Trial Court renders its initial decision to commit an individual as a SPP, the individual returns to Court, within ninety (90) days, for a review Hearing.  At that time, if the person continues to meet the criteria for commitment, the commitment is made indeterminate.  Minnesota Statutes Section 253B.18, Subdivisions 1 and 2; Minnesota Statutes Section 253B.185.

(Minn.App. July 28, 1998), rev. denied (Minn., Sept. 22, 1998).  At no time did the Petitioner raise a claim concerning his right to a Jury Trial.

On June 21, 1998, the Petitioner filed a Petition with the State District Court, for a Writ of Habeas Corpus, arguing that the Minnesota Sexual Psychopathic Personality statute violated substantive due process, under the United States and Minnesota Constitutions, and that the "clear and convincing" standard of proof, which is specified in Minnesota Statutes Section 253B.18, Subdivision 1, violated the due process clause of the United States Constitution.  Among his claims, the Petitioner challenged the lack of a Jury Trial under the SPP Act.  RA at 58.  The State District Court dismissed his Petition, that decision was affirmed by the Minnesota Court of Appeals, and the Minnesota Supreme Court denied his Petition for further review. See, Daby v. O'Keefe, No. C1-99-53 (Minn. App., May 19, 1999), rev. denied (Minn., July 28, 1999).

On February 6, 2004, the Petitioner filed a second Petition with the State District Court, for a Writ of Habeas Corpus.  RA at 78.  His Petition asserted that he was entitled to a Jury Trial under Article 1, Section 4, of the Minnesota Constitution, and under the Fifth, Seventh, and Fourteenth Amendments, to the United States Constitution.  RA at 80-81, 100.  On April 6, 2004, the State District Court denied the

Petitioner's Habeas Petition, noting that the Minnesota Supreme Court had repeatedly rejected the claim that the Minnesota Constitution guarantees a right to a Jury Trial in civil commitment matters.  See, RA at 103, 105, citing State ex rel. Pearson v. Probate Court, 287 N.W. 297, 303 (1939)(rejecting claim that Minnesota Constitution guaranteed a jury Trial in psychopathic personality commitment cases).  The District Court's decision was affirmed by the Minnesota Court of Appeals in an unpublished opinion.  See, Daby v. Mooney, Case No. A04-650 (Minn. App., June 29, 2004), rev. denied (Minn., August 17, 2004).

On May 25, 2005, the Petitioner then commenced this Federal Habeas proceeding.

### III.  Discussion

A.  Standard of Review.  On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the Federal Habeas Corpus statutes.  One of those changes was incorporated into Title 28 U.S.C. §2244(d), which established a new, one-year statute of limitations for Habeas Corpus Petitions, which are filed by State prisoners who seek a Federal Court's review of a State Court conviction or sentence.  The new provision reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of --
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. §2244(d).

As a consequence, a State prisoner, who seeks Federal Habeas Corpus review from his State conviction, or sentence, ordinarily must file his Petition within one year after

his Judgment of conviction "became final by the conclusion of direct review." Title 28 U.S.C. §2244 (d)(1). The applicability of Title 28 U.S.C. Section 2244 extends to persons held pursuant to civil commitment proceedings, as well as to persons held under criminal conviction. See, Duncan v. Walker, 533 U.S. 167, 176 (2001).

The statute provides, however, that this deadline can be modified if: 1) the prisoner is unable to file his Federal Habeas Corpus Petition in a timely manner because of an impediment that was imposed by the State; 2) the prisoner is relying on some newly recognized constitutional right that is retroactively applicable; or 3) the prisoner is relying on some new evidence which could not have been reasonably discovered in time to file a timely Petition. See, Title 28 U.S.C. §2244(d)(1)(B)-(D).

The statute of limitations also includes a tolling provision, which stops the running of the one-year limitations period while the prisoner is pursuing a "properly filed" application for Post-Conviction Relief in the State Court. See, Title 28 U.S.C. §2244(d)(2). Our Court of Appeals has expressly held, however, that the period between the completion of the direct review of the State Court Judgment, and the application for post-judgment relief, is counted towards the one-year limitation period. See, Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005); Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853-55 (8th Cir. 2003); Painter v. Iowa, 247 F.3d

1255, 56 (8th Cir. 2001)("A review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed, and the date that an application for state post-conviction relief is filed, counts against the one-year period.").

B.    <u>Legal Analysis</u>.  Under the circumstances here, the one-year statute of limitations began to run, pursuant to Section 2244(d)(1)(A), when the Petitioner's civil commitment Judgment became final.  Petitioner's civil commitment Judgment became final on December 22, 1998 -- which is ninety (90) days after the Minnesota Supreme Court denied the Petitioner's request for further review, during which period, the Petitioner could have sought a Writ of Certiorari from the United States Supreme Court.  See, <u>Title 28 U.S.C. §2244(d)(1)(A)</u>("The limitation period shall run from * * * the date on which the judgment became final by the conclusion of direct review **or the expiration of the time for seeking such review**.")[emphasis added]; <u>Smith v. Bowersox</u>, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999)(The running of the statute of limitations for purposes of Section 2244(d)(1)(A) is triggered by the completion or denial of certiorari proceedings before the United States Supreme Court or, "if certiorari was not sought, then by the conclusion of all direct

criminal appeals in the state system followed by the expiration of the [90 days] allowed for filing a petition for the writ.").

As we have noted, the Petitioner also filed a State Habeas Petition in June of 1998, prior to the resolution of his direct appeal of the civil commitment Judgment, and that initial Habeas Corpus proceeding concluded on July 28, 1999, when the Minnesota Supreme Court denied review. Under Eighth Circuit authority, no further tolling of the one-year limitation period, would occur where, as here, the Petitioner did not seek a Writ of Certiorari before the United States Supreme Court as to his initial Habeas Petition. See, Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir. 2001), cert. denied, 532 U.S. 998 (2001). Accordingly, under Section 2244(d)(1) and (2), the AEDPA's one-year statute of limitations began to run on July 28, 1999, and it would have expired on July 28, 2000.

The Petitioner's second State Court Habeas Petition was not filed until February 6, 2004 -- about three (3) and one-half years after the statute of limitations had expired -- and his Federal Habeas Petition was not filed until May 25, 2005 -- which is nearly five (5) years late. While the Petitioner's statute of limitations argument is obscure, it appears that he may be contending that the filing of his second State Court Habeas Petition recommenced the one-year limitations period. Notably, he does not cite any

authority for such a proposition and, if true, the AEDPA's limitation period would be entirely defeated. See, e.g., Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999)("To allow [petitioner] to return to state court and exhaust after the one-year statutory limitations period has expired would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996 to expedite federal habeas review * * *, and would lead to inequities depending upon the length of time a district court takes to rule on a motion to dismiss."); see also, Davis v. Norris, 423 F.3d 868, 878-79 (8th Cir. 2005). Moreover, such a construction would contravene the plain language of Section 2244(d)(1) and (2).

As a consequence, unless the Petitioner falls within one of the exceptions that are detailed in Section 2244(d)(1)(B), (C), or (D), his Petition should be dismissed as time-barred. Here, the Petitioner has not alluded to any State impediment to the commencement of his second State or Federal Habeas Petition, as recognized by Section 2244(d)(1)(B). Furthermore, the Petitioner has not advanced a factual predicate that was not apparent as of the date when either the direct review, or his initial State Habeas proceeding, had concluded -- namely, whether the State commitment process provided for a jury Trial -- as that precise issue was addressed

in the Petitioners initial State Court Habeas Petition. Therefore, Section 2244(d)(1)(D) is inapplicable.

The only potential avenue, which is left to the Petitioner, would require a cogent showing that there is a newly recognized Constitutional right, as determined by the United States Supreme Court, which has been made retroactively applicable to future cases on collateral review. Here, however, the Petitioner does not identify, much less rely, on any newly developed doctrine by the United States Supreme Court. Indeed, none of the Supreme Court cases, which the Plaintiff has cited in his Habeas papers, involve a newly developed Supreme Court holding relating to Jury Trials in civil commitment proceedings. The Petitioner did cite to <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), <u>RA</u> at 175, but <u>Blakely</u> is not apposite to the Petitioner's Habeas claims. The sum of the Petitioner's allusion to <u>Blakely</u>, which is contained in his second appeal to the Minnesota Supreme Court, is as follows:

> The Sixth amendment right to a jury trial is no mere procedural formality, but a fundamental reservation of a power in our constitutional structure. Just as suffrage ensures the people's ultimate control in the legislative and executive branches, jury trial is meant to ensure their control in the judiciary * * * The Framers [of the U.S. Constitution] would not have thought it too much to demand that, before depriving a man of * * * his liberty, the

>       state should suffer the minor inconvenience of submitting
>       his accusation to" a vote of his peers.
> RA at 175, quoting Blakely v. Washington, supra at 305-06, 313.

However, here, the Petitioner has not identified the Sixth Amendment as a source of Habeas relief. In fact, the Petitioner argues that his claim is "not based on a federal jury trial question but rather a state claim that petitioner is entitled to a jury trial under the Minnesota Constitution." See, Petitioner Memorandum in Response to Respondents Answer, Docket No. 10, at 1.[3] Furthermore, the Petitioner seeks relief under Article 1, Section 4, Minnesota Constitution, and under the Equal Protection and Due Process clauses of the United States Constitution. We simply fail to see any connection between the Petitioner's grounds for relief, and his citation to Blakely v. Washington, supra.

---

[3]In support of the Petitioner's statement, he appears to cite an opinion of an unrelated case before the Minnesota Court of Appeals. See, Petitioner Memorandum in Response to Respondents Answer, Docket No. 10, at 1. We note that several of the Petitioner's arguments address issues that are not currently before this Court. With the aid of electronic filing, we are able to review the contents of the pleadings before the Court in McDeid v. Mooney, 2005 WL 2250780 (D. Minn. August 29, 2005). By comparison, the Petitioner's pleadings appear, substantively, to be near verbatim copies of the pleadings in McDeid, inclusive of the same type of font, pagination style, paragraph headings, and legal analysis. Throughout the Petitioner's Reply Memorandum, he continually makes references to the State Court decisions of McDeid which, in the context of the Petitioner's arguments, approach the nonsensical on occasion.

Even if we were to most generously construe the Petitioner's argument as encompassing a claim under Blakely, we would still conclude that the Petitioner is not excused from the one-year period of limitations under Section 2244(d)(1)(C). Under that provision, for the exception to apply, the newly recognized right, as enunciated by the Supreme Court, must be made retroactively applicable to cases on collateral review. See, Title 28 U.S.C. §2244(d). The balance of authority, as well as case law from within this District, convinces us that the exception of Section 2244(d)(1)(C) does not apply to the rule announced in Blakely. See, United States v. Duran, 147 Fed.Appx. 625, 626, 2005 WL 2897897 (8th Cir., November 4, 2005) United States v. Stoltz, 149 Fed.Appx. 567, 569, 2005 WL 2484417 (8th Cir., October 10, 2005)("Accordingly, this court holds that Blakely does not apply retroactively to convictions or sentences on collateral review."); Schardt v. Payne, 414 F.3d 1025, 1035-37 (9th Cir. 2005)(finding that Blakely did not announce a new substantive rule, or a "watershed" procedural rule); United States v. Price, 400 F.3d 844, 848-49 (10th Cir. 2005)(same), cert. denied, --- U.S. ---, 2005 WL 3144122 (Nov. 28, 2005); United States v. Arrington, 2005 WL 1522124 at *2 (D. Minn., June 28, 2005)(same); Lloyd v. Caraway, 2005 WL 1330957 at *4-5 (D. Minn., June 1, 2005)(summarizing case law); Jackson v Dingle, 2005 WL 1270594 (D. Minn., May 25, 2005)(same); see

also, Schiriro v. Summerlin, 542 U.S. 348, 351-56 (2004)(holding that the rule announced in Ring v. Arizona, supra, was not a substantive rule, and was not a watershed procedural rule);[4] Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005)(holding that the Supreme Court's decision in Booker does not apply retroactively); Verela v. United States, 400 U.S. 864, 867 (11th Cir. 2005) (same); United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001)(finding that the Supreme Court, in Apprendi, did not announce a watershed rule). Therefore, we hold that the rule announced in Blakely does not apply retroactively, on collateral review, and accordingly, we find that the Petitioner may not rely on Blakely as a ground for Habeas Corpus relief. See, In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(Blakely does not apply retroactively on collateral review); Gutierrez v. United States, 2005 WL 1490361 at *1 (D. Minn., June 23, 2005)(same).

---

[4]The rules announced in Ring, and Blakely, parallel each other to such an extent that, at least within this District, the holding in Shiriro v. Summerlin, 542 U.S. 348, 352-55 (2004), has been found to be controlling on the question of whether Blakely applies retroactively. See, United States v. Arrington, 2005 WL 1522124 at *2 (D. Minn., June 28, 2005); Jackson v Dingle, 2005 WL 1270594 at *1 (D. Minn., May 25, 2005).

In sum, since the Petitioner did not file his Federal Habeas Petition within the statutory time-frame prescribed by Section 2244(d)(1) and (2), his Petition must be dismissed as untimely.[5]

NOW, THEREFORE, It is –

RECOMMENDED:

That the Petitioner's application for Habeas Corpus Relief under Title 28 U.S.C. §2254 [Docket No. 1] be summarily DISMISSED.

Dated: January 27, 2006          *s/Raymond L. Erickson*
                                 Raymond L. Erickson
                                 CHIEF U.S. MAGISTRATE JUDGE

---

[5] The Respondent also argues that Petitioner's application for Habeas relief should be dismissed because he has not exhausted his State Court remedies, and that, therefore, his Petition is procedurally barred under Title 28 U.S.C. §2254, Subdivision (b)(1)(A). The Respondent additionally argues that the Petitioner's claims lack legal merit. However, since we find that Petitioner's request for Habeas relief is time-barred under 28 Title U.S.C. §2244(d)(1) and (2), we do not address the exhaustion issue, or the merits of the Petition, as the defect in his Petition is both fatal and irremediable.

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **February 13, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 13, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.